UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

POPPING BAY, LLC, etc.,

      Plaintiff,

v.                                          CASE NO. 3:26-cv-71-HES-SJH

VERITAS LOGISTICS, LLC, etc.,
et al.,

      Defendants.
_____/

## **ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion For Substitute / Alternative Service of Process on Defendant Precision Transport, Inc. ("Motion"). Doc. 19. The Motion is due to be denied without prejudice.

Preliminarily, the Motion is not signed as required by Fed. R. Civ. P. 11, *see* Doc. 19 at 5, does not comply with the typography requirements of Local Rule 1.08, *see generally* Doc. 19, and includes a proposed order in violation of Local Rule 3.01(k), *see* Doc. 19-4. These infirmities alone warrant denial of the Motion without prejudice. *See CMR Constr. & Roofing, LLC v. Asi Preferred Ins. Corp.*, No. 2:19-cv-442-JES-MRM, 2021 WL 1329232, at *1 (M.D. Fla. Mar. 1, 2021); *see also Williams v. Jacksonville Sheriff's Off.*, No. 3:21-cv-994-MMH-JRK, 2021 WL 4943705, at *1 (M.D. Fla. Oct. 22, 2021).

In addition, Rules 5(a) and 5(d) of the Federal Rules of Civil Procedure ("Rule(s)"), require that written motions be served on every party and that a certificate

of service be filed (unless a paper is served by filing it with the court's electronic-filing system). Here, the Motion gives no indication it was ever served on Precision Transport Group, Inc. ("Precision") pursuant to Rule 5 (*e.g.*, mailed), further warranting denial without prejudice. *E.g., Infinity Cap. Income Fund, LLC v. Nguyen*, No. 6:24-cv-1869-JSS-LHP, 2024 WL 4556122, at *1 (M.D. Fla. Oct. 23, 2024); *ADAPCO, LLC v. Heylek*, No. 6:19-cv-616-Orl-37DCI, 2019 WL 12021671, at *2 (M.D. Fla. Apr. 10, 2019).[1]

In addition, among other requirements, a motion must include "a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request." Local Rule 3.01(b). Even overlooking the other deficiencies, the Motion is insufficient. The Motion seeks "an Order authorizing substitute and/or alternative service of process on" Precision[2] "pursuant to Federal Rule of Civil Procedure 4(h)(1), Rule 4(e)(1), and applicable state law[.]" Doc. 19 at 1. But the Motion fails to cite, let alone show entitlement to relief under, any state law.

---

[1] Precision has not yet been served with process and is not at this time in default for failing to appear.

[2] The Motion states that it seeks relief as to "Defendant Precision Transport, Inc." but no such party has been named. Doc. 19 at 1. For present purposes only, and because of the myriad deficiencies warranting denial of the Motion, the undersigned will presume for sake of discussion that Plaintiff named the entity it intended to sue and seeks relief with respect to the entity it named.

*See generally id.*[3] It thus fails.[4]

Accordingly, it is **ordered** that the Motion, Doc. 19, is **denied without prejudice**. The proposed order, Doc. 19-4, is **stricken**.

**DONE AND ORDERED** in Jacksonville, Florida, on March 11, 2026.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of record

---

[3] A passing and undeveloped argument is insufficient to raise an issue. *See Terrell v. Sec'y, Dep't of Veterans Affs.*, 98 F.4th 1343, 1356 (11th Cir. 2024); *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1313 (11th Cir. 2023); *Cousins v. Sch. Bd. of Orange Cnty., Fla.*, 687 F. Supp. 3d 1251, 1280 (M.D. Fla. 2023).

[4] Despite citing Fed. R. Civ. P. 4(h)(1) and Rule 4(e)(1), and purporting to seek relief under applicable state law, *Id.* at 1, 3, the terse Motion appears to rely entirely on *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002). *See id.* at 3. But that case involved Rule 4(f)(3), which governs alternate foreign service "in a place not within any judicial district of the United States" and is inapposite. *See Rio Props.*, 284 F.3d at 1012, 1014-19; *see also Sunscreen Mist Holdings, LLC v. Snappyscreen, Inc.*, No. 2:1-cv-132-FtM-99MRM, 2017 WL 11026834, at *3 (M.D. Fla. Aug. 17, 2017) (distinguishing *Rio Props.* and explaining Rule 4(f)(3) was inapplicable where the case did not deal with service "in a foreign country" but instead "with service of a domestic corporation").