UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

POPPING BAY, LLC, etc.,

      Plaintiff,

v.

      CASE NO. 3:26-cv-71-HES-SJH

VERITAS LOGISTICS, LLC, etc.,
et al.,

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court *sua sponte*. Upon review, the Complaint and Request for Bench Trial ("Complaint"), Doc. 1, must be amended or otherwise corrected because it is unsigned. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name … The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.").

The Complaint also constitutes an impermissible "shotgun" pleading.[1] Shotgun pleadings are strictly prohibited. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356–58 (11th Cir. 2018); *see also Moore v. Jasper City Bd. of Educ.*, No. 22-13943, 2023 WL

---

[1] Though no party has raised the issue of shotgun pleading, the Court should *sua sponte* address an impermissible shotgun pleading. *Davis v. Charter Schs. USA, Inc.*, No. 6:25-cv-1269-JSS-NWH, 2025 WL 2819324, at *2 (M.D. Fla. Oct. 3, 2025); *Abel v. Porshe Cars N. Am., Inc.*, No. 6:24-cv-593-PGB-DCI, 2024 WL 4793326, at *1 (M.D. Fla. Oct. 4, 2024).

3719151, at *2 (11th Cir. May 30, 2023).[2] There are four rough categories of prohibited shotgun pleadings, including a complaint (1) with "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "that is 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action'"; (3) "that does not separate 'each cause of action or claim for relief' into a different count"; and/or (4) "that 'assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.'" *Mathis v. City of Lakeland*, No. 22-12426, 2023 WL 2568814, at *4 (11th Cir. Mar. 20, 2023) (citation omitted); *see also Moore*, 2023 WL 3719151, at *2.

Here, for example,[3] each successive count in the Complaint realleges all allegations of all preceding counts. Doc. 1 at ¶¶ 31, 33, 36, 38, 40, 42. As such, the Complaint at minimum constitutes the first category and "quintessential" impermissible shotgun pleading. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002); *see also Crosby v. Fla.*, No. 3:22-cv-67-MMH-LLL, 2022 WL 195312, at *2 (M.D. Fla. Jan. 21, 2022); *VM Glob. Partners,*

---

[2] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289–90 (11th Cir. 2000); 11th Cir. R. 36-2.

[3] The example provided herein is "just that—[an] example[]. In amending, [Plaintiff] must ensure that [it] complies with the Federal Rules of Civil Procedure and avoids shotgun pleading pitfalls." *Bright v. Thomas*, No. 8:22-cv-24-CEH-JSS, 2022 WL 1237898, at *6 (M.D. Fla. Apr. 27, 2022).

*LLC v. Laxai Pharma, Ltd.*, No. 8:14-cv-1343-T-27EAJ, 2014 WL 12634948, at *1 (M.D. Fla. Dec. 1, 2014).

In addition, "[f]ederal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction." *Jones v. Waters*, No. 3:24- cv-45-MMH-LLL, 2024 WL 474116, at *1 (M.D. Fla. Feb. 7, 2024). Here, Plaintiff has invoked only diversity jurisdiction under 28 U.S.C. § 1332. *See* Doc. 1, ¶ 5. Among other requirements, for such jurisdiction to exist "all plaintiffs must be diverse from all defendants." *Jones*, 2024 WL 474116, at *1 (citation omitted); *see also Clayton Consulting Servs., Inc. v. Squire Dental Mgmt., LLC*, No. 3:20-cv-1165-J-34JBT, 2020 WL 6263756, at *2 (M.D. Fla. Oct. 23, 2020).

For diversity purposes, a limited liability company is a citizen of each state of which any member of the company is a citizen. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).[4] Plaintiff alleges that it "is a Florida limited liability company whose members are citizens of Florida" and that Defendant Veritas Logistics LLC ("Veritas") "is a limited liability company organized under the laws of a state other than Florida, with members who are not Florida

---

[4] "[I]t is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). The Eleventh Circuit expressly recognizes the potentially difficult task of identifying citizenship when a limited liability company is involved, and, precisely because of that difficulty, requires that courts "must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century." *Id.* at 1228.

citizens. Doc. 1 at ¶¶ 6–7. [5] These allegations are insufficient.

As to Plaintiff, conclusory allegations that each unidentified member is a citizen of Florida are insufficient. *See Dogtopia Enterprises, LLC v. JCMS, Inc.*, No. 6:24-cv-918-RBD-LHP, 2024 WL 3634938, at *1 (M.D. Fla. May 22, 2024) ("Plaintiff must plead the identities and citizenship of each of its members for the Court to determine whether there is complete diversity for the purpose of jurisdiction."); *Audio Visual Servs. Grp., Inc. v. Woodard Events, LLC*, No. 6:18-cv-201-Orl-37TBS, 2018 WL 11328326, at *1 (M.D. Fla. Feb. 21, 2018) ("PSAV must allege the identity and citizenship of every individual member of Woodard, and its allegations may not be 'based upon information and belief.'"); *see also Am. Builders Ins. Co. v. Adams Homes, LLC*, No. 1:18-cv-377-N, 2018 WL 4264599, at *1 (S.D. Ala. Sept. 6, 2018). And, as to Veritas, "it is well-established that parties seeking to invoke a federal court's diversity jurisdiction cannot establish diversity in the negative, as an affirmative identification of citizenship is necessary." *Winn-dixie Stores, Inc. v. Primary One, LLC*, No. 3:18-cv-1168-J-34MCR, 2018 WL 4771058, at *1 (M.D. Fla. Oct. 3, 2018) (collecting cases); *see also AFC Franchising, LLC v. Purugganan*, No. 20-13849-AA, 2021 WL 1541511, at *1 (11th Cir. Apr. 6, 2021); *Alanazi v. Avco Corp.*, No. 6:19-cv-2230-Orl-28LRH, 2019 WL 6324007, at *1 (M.D. Fla. Nov. 26, 2019); *Leech Tishman Fuscaldo & Lampl, LLC v. Cart*, No.

---

[5] Plaintiff also alleges that Defendant Precision Transport Group, Inc. "is a corporation organized under the laws of the State of Ohio, with its principal place of business in Ohio." *Id.* at ¶ 8. As such is adequate to allege this corporate defendant's citizenship, this Order focuses on the allegations concerning the remaining limited liability company parties.

3:15-cv-311-J-39JBT, 2015 WL 13653043, at *1 (M.D. Fla. Mar. 27, 2015).

Accordingly, Plaintiff will be directed to file an amended complaint curing the deficiencies discussed herein. Plaintiff should note that the amended complaint will supersede the prior pleading and become the operative pleading. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (citation omitted)); *Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."). Thus, the amended complaint must be complete and must include all claims Plaintiff wishes to pursue, as well as all facts in support and relief sought, in a single submission.

As such, given the forthcoming amended pleading, Veritas's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim, or in the Alternative, Motion for a More Definite Statement ("Motion to Dismiss"), Doc. 20, directed to the Complaint, is due to be denied without prejudice as moot. *See Wullschleger*, 604 U.S. at 35; *see also Schnackenberg v. Toll Bros. Mortg. Co.*, No. 3:24-cv-324-MMH-PDB, 2024 WL 4791930, at *1 (M.D. Fla. Sept. 4, 2024) (denying as moot motion directed to prior pleading upon the filing of an amended pleading); *Razi v. Razavi*, No. 5:12-cv-80-Oc-34TBS, 2012 WL 12953932, at *1 (M.D. Fla. June 8, 2012) (same).

Finally, upon review, neither Plaintiff nor Veritas has properly filed a disclosure

5

statement as required by Fed. R. Civ. P. 7.1 and Local Rule 3.03. [6] They[7] will thus be directed to do so.

Accordingly, it is **ordered**:

1.    On or before **March 18, 2026**, in accordance with Local Rule 3.03, Plaintiff and Veritas shall each file a disclosure statement using the form on the court's website, www.flmd.uscourts.gov.

2.    On or before **March 25, 2026**, Plaintiff shall file an amended complaint in compliance with this Order and all applicable rules and law.

3.    The Motion to Dismiss, Doc. 20, is **denied without prejudice as moot**.

**DONE AND ORDERED** in Jacksonville, Florida, on March 11, 2026.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of record

---

[6] Veritas has not filed any disclosure statement. The Rule 7.1 Disclosure Statement attached to Plaintiff's Complaint, Doc. 1-2, is unsigned, not on the form required by Local Rule 3.03, and otherwise insufficient to identify Plaintiff's citizenship(s) as stated herein.

[7] Precision Transport Group, Inc. has not yet appeared.

6