UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

POPPING BAY, LLC, etc.,

      Plaintiff,

v.                                                                      CASE NO. 3:26-cv-71-HES-SJH

VERITAS LOGISTICS, LLC, etc.,
et al.,

      Defendants.

_____/

## **ORDER**

On March 11, 2026, the Court entered an Order ("Prior Order"), Doc. 23, identifying multiple deficiencies in Plaintiff's pleading and directing Plaintiff to file an amended pleading in compliance with the instructions in the Prior Order and all applicable rules and law. Upon review, though Plaintiff's Amended Complaint and Request for Bench Trial ("Amended Complaint"), Doc. 25, addresses some of the deficiencies in the Prior Order, it remains deficient.

Preliminarily, the Amended Complaint does not comply with the typography requirements of Local Rule 1.08. *See* Doc. 25; Local Rule 1.08. Though the Prior Order did not directly remind Plaintiff of these requirements, another Order entered the same day did. *See* Doc. 22 at 1. Plaintiff must ensure that each pleading, motion, or other paper filed with the Court complies with the typography requirements of Local Rule 1.08.

In addition, despite the instructions in the Prior Order, the Amended Complaint

continues to improperly allege the citizenship of Veritas Logistics, LLC, only in the negative and does so only upon information and belief. *See* Doc. 23 at 3–4; Doc. 25 at ¶ 4.

Moreover, the Amended Complaint remains an impermissible "shotgun" pleading. *See generally* Doc. 25; *see also* Doc. 23 at 1–3. Though each successive count in the Amended Complaint no longer realleges *all* allegations of all preceding counts, *see* Doc. 23 at 1–3, the Amended Complaint is now structured such that no count realleges *any* preceding allegations, *see* Doc. 25 at ¶¶ 26–28. The Amended Complaint thus remains an impermissible shotgun pleading that fails to give adequate notice of the claims alleged because it "fails to incorporate any factual allegations into" any count such that "Defendants and the Court are left to guess which facts support each claim." *See Patrick v. Maertz*, No. 3:24-cv-197-WWB-MCR, 2024 WL 4980999, at *2 (M.D. Fla. Oct. 4, 2024), *report and recommendation adopted,* 2024 WL 4979191 (M.D. Fla. Dec. 4, 2024); *see also Joseph v. Bernstein*, 612 F. App'x 551, 555 (11th Cir. 2015)[1]; *Starship Enters. of Atlanta, Inc. v. Coweta Cnty., Ga.*, 708 F.3d 1243, 1250 n.7 (11th Cir. 2013); *Soto v. Chronister*, No. 8:25-cv-839-JLB-SPF, 2025 WL 3062706, at *2 (M.D. Fla. Nov. 3, 2025); *Johnston v. Anti-Defamation League*, No. 6:24-cv-1465-JSS-NWH, 2025 WL 2029744, at *6 (M.D. Fla. July 21, 2025).[2]

---

[1] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

[2] Thus, as set forth herein and in the Prior Order, each count of the second amended complaint must incorporate the relevant factual allegations that relate to such count but not incorporate other counts or allegations. *See Soto*, 2025 WL 3062706, at *2.

Accordingly, it is **ordered** that on or before **April 1, 2026**, Plaintiff shall file a second amended complaint in compliance with this Order, the Prior Order, and all applicable rules and law.

**DONE AND ORDERED** in Jacksonville, Florida, on March 18, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of record