UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

POPPING BAY, LLC, etc.,

      Plaintiff,

v.                                                                          CASE NO. 3:26-cv-71-HES-SJH

VERITAS LOGISTICS, LLC, etc.,
et al.,

      Defendants.
_____/

## **ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Renewed Motion for Substitute / Alternative Service of Process on Defendant Precision Transport Group, Inc. ("Motion"). Doc. 24. The Motion is due to be denied without prejudice.

Preliminarily, and despite the Court previously denying a prior motion on the same basis (among others), *see* Doc. 22 at 1, the Motion does not comply with the typography requirements of Local Rule 1.08, *see generally* Doc. 24. This infirmity again and alone warrants denial of the Motion without prejudice. *See CMR Constr. & Roofing, LLC v. Asi Preferred Ins. Corp.*, No. 2:19-cv-442-JES-MRM, 2021 WL 1329232, at *1 (M.D. Fla. Mar. 1, 2021); *see also Williams v. Jacksonville Sheriff's Off.*, No. 3:21-cv-994-MMH-JRK, 2021 WL 4943705, at *1 (M.D. Fla. Oct. 22, 2021). Plaintiff is cautioned to ensure compliance with the Local Rules, including Local Rule 1.08. Future noncompliant filings may be summarily denied or stricken.

Even overlooking this deficiency, the Motion is insufficient. The Motion seeks

leave to authorize alternate or substitute service on Defendant Precision Transport Group, Inc. ("Precision") through the Florida Secretary of State pursuant to Fla. Stat. §§ 48.161 and 48.181. Doc. 24 at 2–3.[1]

Given the due process concerns attendant to substitute service, strict compliance with statutes authorizing substitute or constructive service is required. *See InClaim, LLC v. Structural Wrap, LLC*, 413 So.3d 251, 255 (Fla. 3d DCA 2025); *see also Greenridge v. Fla. Dep't of Revenue*, No. 8:25-cv-927-KKM-TGW, 2025 WL 1615446, at *1 (M.D. Fla. June 6, 2025). But the terse Motion hurriedly mentions the statutes in passing and makes no effort to discuss, let alone show strict compliance with, all requirements under such statutes. Doc. 24 at 2–3. Indeed, it does not discuss or apply any language from the statutes. *Id.* And the only authority it purports to cite at all, it misrepresents. *See id.* at 3.[2]

---

[1] The Motion also briefly mentions other means of service in the request for relief, but the only method that is even discussed elsewhere in the Motion is service via the Florida Secretary of State. As discussed herein, that analysis is insufficient. But because the Motion does not even address the other requests for relief, they need not be considered. As the Court has previously advised, *see* Doc. 22 at 3 n.3, a passing and undeveloped argument is insufficient to raise an issue, *see Terrell v. Sec'y, Dep't of Veterans Affs.*, 98 F.4th 1343, 1356 (11th Cir. 2024); *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1313 (11th Cir. 2023); *Cousins v. Sch. Bd. of Orange Cnty., Fla.*, 687 F. Supp. 3d 1251, 1280 (M.D. Fla. 2023). Finally, the Court notes that no leave is required to serve a corporation in a manner very similar to Plaintiff's third proposal. *Compare* Doc. 24 at 3, *with* Fed. R. Civ. P. 4(h)(1)(B).

[2] Plaintiff cites *Sunscreen Mist Holdings, LLC v. Snappyscreen, Inc.*, No. 2:17-cv-132-FtM-99MRM, 2017 WL 11026834, at *3 (M.D. Fla. Aug. 17, 2017), for the premise that "[c]ourts within the Middle District of Florida routinely authorize substitute or alternative service where a defendant corporation fails to maintain a valid registered agent and conventional service has proven unsuccessful despite reasonable diligence." Doc. 24 at 3. But *Sunscreen Mist Holdings*, which did not even involve Fla. Stat. §§ 48.161 or 48.181, *rejected* an argument to allow a different form of alternate service (by publication) and confirmed, as this Order states, that substitute-service statutes are strictly construed. *See Sunscreen Mist Holdings*, 2017 WL 11026834, at *4. To be sure, courts may acknowledge substitute service in appropriate circumstances, but they do not do so as a matter of routine—only where the requirements for such service have been strictly followed. Plaintiff's previous motion for alternate

Among other things,[3] "due diligence" at personal service is a prerequisite to substitute service via the Florida Secretary of State. *See* Fla. Stat. §§ 48.161(2)–(5), 48.181(3), (7); *see also InClaim, LLC*, 413 So. 3d at 255–56; *Societe Hellin, S.A. v. Valley Com. Cap., LLC*, 254 So. 3d 1018, 1020 (Fla. 4th DCA 2018). The requisite "due diligence" is defined in Fla. Stat. § 48.161(4). *See InClaim, LLC*, 413 So. 3d at 256. Though Plaintiff's Motion appears to acknowledge the requisite due diligence, it does not discuss or apply any of the statutory requirements for due diligence, instead relying on Plaintiff's mere say-so that diligence was exercised. *See* Doc. 24 at 2–3.

Plaintiff has not shown the requisite due diligence to resort to substitute service. *See InClaim, LLC*, 413 So. 3d at 256; *see also Rebalko v. Atallah*, 413 So.3d 170, 173 (Fla. 4th DCA 2025) (collecting authority). By way only of example, even generously assuming all other statutory requirements were met—of which the Court has its doubts—Plaintiff has cited only two attempts to effectuate personal service at a registered agent address on Meeting Street in West Chester, Ohio. Doc. 24 at 3; Doc. 24-1; Doc. 24-3 at 2. But the certificate of service at the end of the Motion and the various papers attached (without any discussion) as exhibits to the Motion identify at least three other known addresses of Precision (one for the registered agent). *See* Doc.

---

service also cited authority that did not support a premise. *See* Doc. 22 at 3 n.4. Plaintiff must avoid recurrences of such practices.

[3] The Court reiterates and cautions that there are various other prerequisites to and requirements for substitute service under Fla. Stat. §§ 48.161 and/or 48.181. Given that the Motion readily fails and does not adequately address any, this Order does not purport to address them all, but *all* must be strictly satisfied (and a motion must adequately explain how so) for service thereunder.

3

24 at 3; *see also* Doc. 24-4 at 3, 8. In addition, Plaintiff's counsel was apparently in regular contact with representatives of Precision, including during the pendency of this lawsuit, without any indication Plaintiff tried to arrange or coordinate service. *See* Doc. 24-5. For now, such observations suffice—"a 'failure to utilize obvious and available leads to locate the defendant is fatal to a finding of due diligence.'" *See InClaim*, 413 So. 3d at 255 (citation omitted); *see also Societe Hellin*, 254 So. 3d at 1020–21; *Coastal Cap. Venture, LLC v. Integrity Staffing Sols., Inc.*, 153 So. 3d 283, 285 (Fla. 2d DCA 2014).

Accordingly, it is **ordered** that the Motion (Doc. 24) is **denied without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, on March 18, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of record

4